■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS L. VAN AKIN, Appellant. [602 NYS2d 450] —Judgment unanimously reversed on the facts and indictment dismissed. Memorandum: Defendant argues that deficiencies and inconsistencies in the People's proof, along with the exculpatory evidence presented by defense witnesses, compel reversal of his conviction. We agree.

In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference (see, People v Davis, 191 AD2d 705; People v Walker, 191 AD2d 603, lv denied 81 NY2d 1021; People v Adams, 164 AD2d 546, 549, lv denied 77 NY2d 957). Nevertheless, reversal is warranted where the court's findings are "plainly unjustified by the evidence" (People v Garafolo, 44 AD2d 86, 88; see also, People v Cheatham, 153 AD2d 566).

In this case, the court's finding of guilt is against the weight of the credible evidence at trial. Although the proof supports a finding that nine-year-old Janet had been raped, it fails to establish that defendant was her assailant. The victim maintained for approximately six months that she was raped by one man, Elmer DeRoo. She identified DeRoo as the sole rapist to her mother, the examining physician at the hospital emergency room, the Grand Jury, the police and the District Attorney. There was also evidence that she specifically and repeatedly denied defendant's involvement to her sister. Her

identification of defendant came only in response to the unrelenting questioning of her older sister and brother. The victim candidly admitted that she implicated defendant solely because she was tired of all the questions and she knew that pointing the finger at defendant was the only way to stop them.

DeRoo, the admitted rapist, testified unequivocally that defendant was not present when he raped Janet. DeRoo also acknowledged that he testified differently at the time of his guilty plea. As defendant points out, however, DeRoo had a clear motivation to lie when he pleaded guilty, but no apparent incentive to change his story at defendant's trial.

Overturning the trier of fact's verdict is not to be done lightly. Upon our review of the evidence, however, we find that the trial court "failed to give the evidence the weight it should be accorded" *(People v Bleakley,* 69 NY2d 490, 495), and that the finding of guilt is so plainly unjustified by the evidence that reversal is required *(see, People v Cheatham, supra; People v Garafolo, supra,* at 88). In view of our determination, there is no need to reach the remaining issue. (Appeal from Judgment of Wayne County Court, Strobridge, J.—Rape, 1st Degree.) Present—Denman, P. J., Green, Balio, Fallon and Boehm, JJ.