■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD JOHNSON, Appellant. [657 NYS2d 27] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered October 10, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4 1/2$ to 9 years, unanimously reversed, on the law, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

In order to hold an alleged accessory liable for criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), the People must establish, beyond a reasonable doubt, that the alleged accessory possessed the mental culpability necessary to commit the crime charged, and that in furtherance thereof, he solicited, requested, commanded, importuned, or intentionally aided the principal (see, Penal Law § 20.00; People v Kaplan, 76 NY2d 140, 145-146), or, as here, that the defendant "intentionally aided" his codefendant in the sale of drugs, as opposed to merely providing assistance, " 'believing it probable' " that he was rendering aid (People v Wylie, 180 AD2d 774, 775, lv denied 81 NY2d 767).

The evidence adduced at trial reveals that in response to the undercover's inquiry of whether "anyone" was working, the defendant replied "Yeah. My boy right here will hook you up." He then motioned to his codefendant, who was standing approximately five feet away. The undercover subsequently walked away with the codefendant and purchased drugs approximately 15 feet from where the defendant remained. Such evidence, standing alone, was legally insufficient to hold that the defendant acted in concert with the requisite mental culpability for the illicit transaction (see, People v Lopez, 213 AD2d 255, lv denied 85 NY2d 976; People v Rosario, 193 AD2d 445, 445-446, lv denied 82 NY2d 708; People v Bryant, 106 AD2d 650, 651, lv denied 64 NY2d 888). Concur—Rosenberger, J. P., Wallach, Nardelli and Rubin, JJ.