■■■ In the Matter of BEVERLY S., an Infant, Appellant. MONROE COUNTY ATTORNEY, Respondent. [748 NYS2d 297] —Appeal from an order of Family Court, Monroe County (Donofrio, J.), entered November 26, 2001, which, inter alia, adjudicated respondent a juvenile delinquent.

It is hereby ordered that said appeal be and the same hereby is unanimously dismissed without costs as moot (*see Matter of Alex N.*, 255 AD2d 626, 627). Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.

■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE BRITT, Appellant. [748 NYS2d 297] —Appeal from a judgment of Supreme Court, Monroe County (Ark, J.), entered January 19, 2001, convicting defendant after a nonjury trial of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Contrary to the contention of defendant, the verdict convicting him of burglary in the third degree (Penal Law § 140.20) is not against the weight of the evidence. "In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference" (*People v Van Akin*, 197 AD2d 845, 845; *see People v Hollins*, 278 AD2d 932, *lv denied* 96 NY2d 759; *People v Wooden*, 275 AD2d 935, 936, *lv denied* 96 NY2d 740). After viewing photographs from a surveillance camera at the scene of the crime, a police officer who had extensive prior dealings with defendant identified him as the person who committed the burglary. Supreme Court was entitled to reject defendant's alibi defense and, upon our review of the record, we cannot say that the court failed to give the evidence the weight that it should be accorded (*see People v Bleakley*, 69 NY2d 490, 495; *People v Raco*, 72 AD2d 857). Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.