THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BROWN, Appellant. [775 NYS2d 845]—

Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered July 23, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. The evidence established that defendant intentionally aided the drug transaction between the undercover officer and the codefendant (*see People v Bello*, 92 NY2d 523, 527 [1998]), and did not merely point out someone selling drugs (*compare People v Johnson*, 238 AD2d 267 [1997], *lv denied* 90 NY2d 894 [1997]). Defendant's behavior can be readily interpreted as screening a potential

customer, and then consulting with his partner in the drug operation as to which one of them would furnish the drugs for the sale.

The challenged portions of the prosecutor's summation generally constituted fair comment on the evidence in response to the summations of defendant and the codefendant (*see People v Bryant*, 294 AD2d 221 [2002], *lv denied* 99 NY2d 534 [2002]; *People v Overlee*, 236 AD2d 133, 144 [1997], *lv denied* 91 NY2d 976 [1998]), and did not express the prosecutor's personal opinion. To the extent any of the prosecutor's comments were inappropriate, they did not constitute a pattern of improper comments and did not deny defendant a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The court properly closed the courtroom to the general public during the testimony of two undercover officers, since they both had continuing investigations in the same area as defendant's arrest, would be returning to that area, had pending cases in the courthouse, had been threatened in the past, and took precautions when testifying (*see People v Ramos*, 90 NY2d 490, 498-499 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]).

The court properly denied defendant's request for an agency charge, since there was no reasonable view of the evidence, viewed in the light most favorable to defendant, to support the conclusion that defendant acted solely on behalf of the purchasing undercover officer (*see People v Herring*, 83 NY2d 780 [1994]; *People v Vaughan*, 300 AD2d 104 [2002], *lv denied* 99 NY2d 633 [2003]; *People v Leon*, 295 AD2d 143 [2002]).

We decline to exercise our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov*, 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]). Concur—Tom, J.P., Ellerin, Lerner and Marlow, JJ.