■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOREL CHARLES, Respondent. [783 NYS2d 539]—

Order, Supreme Court, New York County (Budd G. Goodman, J.), entered on or about May 5, 2003, which granted defendant's motion for a trial order of dismissal, unanimously affirmed.

The trial evidence, when viewed most favorably to the People, was insufficient to establish defendant's accessorial liability for a drug sale (*see* Penal Law § 20.00). As the undercover officer was having a loud conversation with another man about buying drugs, defendant approached, pointed out the codefendant, and advised the two men that the codefendant had drugs available and that they should buy drugs from that person. As defendant walked away, the officer went over to the codefendant and bought drugs. There was no further interaction between defendant and either the officer or the codefendant. There was no evidence from which it could be inferred that defendant acted as a "steerer" or "screener," or took any other part in the transaction (*see People v Rosario*, 193 AD2d 445 [1993], *lv denied* 82 NY2d 708 [1993]; *compare e.g. People v Bello*, 92 NY2d 523 [1998]; *People v Daniels*, 283 AD2d 257 [2001], *lv denied* 96 NY2d 861 [2001]). By itself, defendant's advice to the undercover officer to buy drugs from the codefendant "now" did not clearly suggest that defendant was working together with the codefendant. We further note the single fact that the police later observed defendant a short distance from the codefendant in a fast food restaurant, without any interaction between the two men. This was so equivocal on the question of the existence of an actual connection between the two, that we deem it legally meaningless in these circumstances. Concur—Tom, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.