THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CUTHRELL, Appellant. (Appeal No. 1.) [787 NYS2d 579]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered November 27, 2002. The judgment convicted defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a nonjury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). In appeal No. 2, defendant appeals from a second judgment convicting him following the same nonjury trial of criminal nuisance in the first degree (§ 240.46). Contrary to the contention of defendant, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621

[1983]), we conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence established that defendant exhibited calculated or direct behavior that purposefully effected or furthered the sale of the controlled substance (*see People v Bello*, 92 NY2d 523, 526 [1998]), including advising the person selling drugs to an undercover officer that "we've got trouble," and, after suspecting the undercover officer's true role, advising that the undercover officer should smoke some cocaine with defendant before the drug seller gave the rest of the cocaine to the undercover officer. Moreover, defendant acknowledged on cross-examination that he importuned the undercover officer to smoke cocaine with him, but then failed to give an adequate explanation for that behavior. We conclude that "[d]efendant's conduct . . . tied him directly to the drug sale" (*Bello*, 92 NY2d at 527; *see People v Gilbert*, 7 AD3d 286, 287 [2004], *lv denied* 3 NY3d 659 [2004]; *People v Brown*, 6 AD3d 358, 358-359 [2004] *lv denied* 3 NY3d 671 [2004]; *People v Geligas*, 2 AD3d 368 [2003], *lv denied* 2 NY3d 762 [2004]). In addition, one of the People's witnesses testified that she had purchased cocaine at defendant's residence two weeks before the controlled transaction, and that defendant received some of her cocaine for allowing her to conduct the transaction in his residence. Defendant also admitted to allowing drug transactions in his residence in the past in exchange for money or drugs, but denied that he still engaged in that practice. We see no reason to disturb County Court's resolution of that credibility issue against defendant (*see generally People v Van Akin*, 197 AD2d 845 [1993]). The sentence is not unduly harsh or severe. Finally, we have reviewed the contentions of defendant in his pro se supplemental brief and conclude that they are without merit or based on matters outside the record. Present—Hurlbutt, J.P., Scudder, Kehoe, Smith and Hayes, JJ.