■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. PTAK, JR., Appellant. [828 NYS2d 825]—Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 30, 2005. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him, following a jury trial, of sodomy in the first degree (Penal Law former § 130.50 [3]), sexual abuse in the first degree (§ 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). Defendant contends that the verdict is against the weight of the evidence because the testimony of the victim was incredible as a matter of law. We reject that contention. Testimony will be deemed incredible only where it is " 'impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*People v Garafolo*, 44 AD2d 86, 88 [1974]; *see People v Stroman*, 83 AD2d 370 [1981]), and that is not the case with respect to the victim's testimony. According great deference to the factfinder's resolution of credibility issues, we conclude that the verdict is not against the weight of the evidence (*see People v Harris*, 15 AD3d 966 [2005], *lv denied* 4 NY3d 831 [2005]; *People v Gritzke*, 292 AD2d 805, 805-806 [2002], *lv denied* 98 NY2d 697 [2002]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his further contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]). In any event, that contention lacks merit inasmuch as the prosecutor's summation was a fair response to the observations of defense counsel on summation (*see People v Beggs*, 19 AD3d 1150, 1151 [2005], *lv denied* 5 NY3d 803 [2005]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Centra, Fahey and Pine, JJ.