■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO CRUZ, Appellant. [837 NYS2d 308]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered December 17, 2004, convicting him of criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed as to the defendant Pedro Cruz, and the matter is remitted to the Supreme Court, Queens County for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Viewing the evidence in the light most favorable to the prose-

cution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally insufficient to establish the defendant's guilt as an accessory of criminal possession of a forged instrument in the second degree beyond a reasonable doubt (*see* Penal Law § 170.25). The evidence established that the defendant merely indicated to an undercover police officer who sought to purchase a "social [security card]" that an unapprehended individual referred to as Bores could "hook" him up with someone. There was no evidence that the defendant "solicit[ed], request[ed], command[ed] . . . or intentionally aid[ed] [the principal]" (Penal Law § 20.00), in the subsequent creation and possession of the forged Social Security card or in its sale to the undercover police officer. Just as a defendant who merely acts "as a source of general information [as to] where drugs could be purchased" cannot be convicted of the sale of the drug under an accomplice liability theory (*People v Bello,* 92 NY2d 523, 527 [1998]; *see People v Charles,* 11 AD3d 321 [2004]; *Matter of Cory P.,* 240 AD2d 749 [1997]; *People v Johnson,* 238 AD2d 267 [1997]; *People v Lopez,* 213 AD2d 255 [1995]), the defendant herein could not be convicted as an accomplice to the offense of possession of a forged instrument based solely on evidence that he directed an undercover police officer to a person who could direct him to someone who could provide him with what he wanted. Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.