■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE LOFTIN, Appellant. [896 NYS2d 789]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered October 14, 2008. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [1]) and sexual abuse in the first degree (Penal Law § 130.65 [1]). We reject the contention of defendant that the People failed to disclose certain *Brady* material, i.e., information that there was a pending charge against the victim for petit larceny (*see generally People v Vilardi*, 76 NY2d 67, 73 [1990]). The People provided defendant with the victim's prior criminal history before jury selection, and he therefore was aware of the pending charge against the victim in time to use that information effectively at trial (*see People v Comfort*, 60 AD3d 1298, 1300 [2009], *lv denied* 12 NY3d 924 [2009]).

We agree with defendant, however, that County Court erred in precluding him from cross-examining the victim with respect to the petit larceny charge. According to that charge, the victim had assaulted and robbed an ex-boyfriend but subsequently reported to the police that it was the ex-boyfriend who had assaulted her. Those allegations are similar to allegations made by defendant in the instant case, and thus defendant sought to cross-examine the victim concerning that charge "in good faith and with a reasonable basis in fact" (*People v Jones*, 24 AD3d

815, 816 [2005], *lv denied* 6 NY3d 777 [2006]). Although the charge against the victim was adjourned in contemplation of dismissal prior to the commencement of defendant's trial, that does not constitute a dismissal on the merits, and it therefore does not "negate[ ] the elements of good faith and [basis in fact]" (*id.*). Under the circumstances of this case, "where the 'issue of the credibility of defendant vis-à-vis the prosecution witnesses [is] crucial,' " we cannot conclude that the court's error is harmless (*People v Ayrhart*, 101 AD2d 703, 704 [1984]; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]).

We further agree with defendant that the court erred in failing to conduct a *Ventimiglia* hearing with respect to his statements to police that, "in the past[,] he had tried forcing sex from women" and that "it was difficult to take sex if they didn't want to give it up." Although defendant failed to preserve his contention for our review inasmuch as he failed to object to the admission of testimony concerning those statements (*see People v Powell*, 303 AD2d 978 [2003], *lv denied* 100 NY2d 565 [2003]; 1 NY3d 541 [2003]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *cf. People v Johnson*, 233 AD2d 887 [1996], *lv denied* 89 NY2d 1095 [1997]). The court was required to determine whether the probative value of those statements outweighed the potential for prejudice inasmuch as those statements were not admissions related to the instant charges but, rather, they constituted evidence of prior bad acts (*see People v Robinson*, 202 AD2d 1044 [1994], *lv denied* 83 NY2d 1006 [1994]). In light of the importance of the witnesses' credibility in this case, as noted above, we cannot conclude that the court's error is harmless (*see generally Crimmins*, 36 NY2d at 241-242; *People v Moore*, 59 AD3d 809, 811-813 [2009]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Peradotto, Lindley and Gorski, JJ.