# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1100**
**KA 10-01866**
PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

RONALD MCCOY, DEFENDANT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.

RONALD MCCOY, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 7, 2010. The judgment convicted defendant, upon a nonjury verdict, of burglary in the second degree, robbery in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed for criminal possession of a weapon in the third degree under the third count of the indictment and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing on that count of the indictment.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of burglary in the second degree (Penal Law § 140.25 [1] [d]), robbery in the second degree (§ 160.10 [2] [b]), and criminal possession of a weapon in the third degree (§ 265.02 [1]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference" (*People v Van Akin*, 197 AD2d 845, 845). County Court was entitled to reject defendant's version of the events "and, upon our review of the record, we cannot say that the court failed to give the evidence the weight that it should be accorded" (*People v Britt*, 298 AD2d 984, 984, *lv denied* 99 NY2d 556).

Defendant's contention in his main and pro se supplemental briefs

regarding the legal sufficiency of the evidence before the grand jury is not properly before us. "Having failed to challenge the [legal] sufficiency of the trial evidence, defendant may not now challenge the [legal] sufficiency of the evidence before the grand jury" (*People v Wimberly*, 86 AD3d 806, 807, *lv denied* 18 NY3d 863; *see People v Smith*, 4 NY3d 806, 808; *see also* CPL 210.30 [6]). Additionally, by affirmatively requesting that the court charge criminal possession of a weapon in the third degree as a lesser included offense of criminal possession of a weapon in the second degree, defendant waived the contention in his main brief that the court erred in doing so (*see People v Richardson*, 88 NY2d 1049, 1051; *People v Carter*, 38 AD3d 1291, 1292).

We reject defendant's contention in his main brief that the five-year period of postrelease supervision imposed by the court for the robbery and burglary conviction renders his sentence unduly harsh and severe. As the People correctly concede, however, the determinate sentence and period of postrelease supervision imposed by the court for the conviction of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), a nonviolent class D felony, is illegal (*see* §§ 70.45 [1]; 70.06 [3] [d]; [4] [b]; *People v Winfield*, 83 AD3d 745, 746). We therefore modify the judgment by vacating the sentence imposed for that conviction, and we remit the matter to County Court for resentencing on count three of the indictment.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court