# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**524**

**KA 11-01285**

PRESENT: SCUDDER, P.J., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL CURETON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered May 23, 2011. The judgment convicted defendant, after a nonjury verdict, of unlawful imprisonment in the second degree and criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of, inter alia, unlawful imprisonment in the second degree (Penal Law § 135.05), defendant contends that the verdict with respect to that crime is against the weight of the evidence. Although we agree with defendant that "an acquittal would not have been unreasonable," we conclude that, viewing the evidence in light of the elements of the crime in this nonjury trial, "[b]ased on the weight of the credible evidence . . . [County Court] was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348). The court was entitled to resolve credibility issues against defendant (*see People v Cuthrell*, 13 AD3d 1224, 1225, *lv denied* 4 NY3d 885), and to reject his version of the events (*see People v McCoy*, 100 AD3d 1422, 1422). "[U]pon our review of the record, we cannot say that the court failed to give the evidence the weight that it should be accorded" (*People v Britt*, 298 AD2d 984, 984, *lv denied* 99 NY2d 556). Finally, defendant's challenge to the legality of the sentence of probation imposed on the unlawful imprisonment count has been rendered moot as a result of the revocation of his sentence of probation (*see generally People v Meli*, 142 AD2d 938, 939, *lv denied* 72 NY2d 921).

Entered: April 26, 2013                          Frances E. Cafarell
                                                 Clerk of the Court