# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**925**
**KA 08-02110**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARK D. CONEY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARY ELLEN WEST OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered September 2, 2008. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a forged instrument in the second degree (8 counts) and identity theft in the first degree (11 counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a nonjury verdict, of 8 counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and 11 counts of identity theft in the first degree (§ 190.80 [1], [3]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. The conviction stems from defendant's conduct in fraudulently securing three student loans and attempting to cash or deposit the proceeds of one of the loans with a forged signature. Having viewed the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349) and having "weigh[ed the] conflicting testimony, review[ed the] rational inferences that may be drawn from the evidence and evaluate[d] the strength of such conclusions" (*id.* at 348), we conclude that the evidence amply supports County Court's determination that defendant knowingly used the personal identifying information of a woman who he did not know and from whom he did not have permission to use such information in order to secure the loans and procure the proceeds. Despite defendant's testimony that he did not know that the woman who supplied him with the personal identifying information used to cosign on the loan applications was not the woman to whom the information belonged, we note that, " '[i]n a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented

are entitled to great deference' " (*People v McCoy*, 100 AD3d 1422, 1422; *see People v White*, 149 AD2d 915, 915-916, *lv denied* 74 NY2d 854).  We perceive no reason to disturb the court's credibility determination.

Entered:  September 27, 2013                          Frances E. Cafarell
                                                     Clerk of the Court