# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**971**

**KA 12-00287**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAMES A. GHENT, III, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered December 7, 2011. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of assault in the second degree (Penal Law § 120.05 [2]). Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference" (*People v Van Akin*, 197 AD2d 845, 845). County Court was entitled to reject defendant's version of the events "and, upon our review of the record, we cannot say that the court failed to give the evidence the weight that it should be accorded" (*People v Britt*, 298 AD2d 984, 984, *lv denied* 99 NY2d 556). We reject defendant's further contention that he received ineffective assistance of counsel because counsel failed to request a charge on the defense of intoxication. Defendant failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's failure to request" that charge (*People v Rivera*, 71 NY2d 705, 709; *see People v Taylor*, 1 NY3d 174, 177). Indeed, "[a] defense of intoxication would have been inconsistent with . . . defendant's [testimony] . . . that he" drank three or four beers that evening, which affected his judgment to a certain extent, but that he was not intoxicated (*People v Gary*, 299 AD2d 960, 961, *lv denied* 99 NY2d 582). Finally, the sentence is not unduly harsh or

severe.

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court