■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAQUILLE HUNTER, Appellant. [38 NYS3d 473]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 8, 2014. The judgment convicted defendant, upon a nonjury verdict, of robbery in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]). Viewing the evidence in light of the elements of the two counts of robbery in the second degree in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference" (*People v Ghent*, 132 AD3d 1275, 1275 [2015], *lv denied* 26 NY3d 1145 [2016] [internal quotation marks omitted]; *see People v McCoy*, 100 AD3d 1422, 1422 [2012]). The victim's testimony was not incredible as a matter of law (*see People v Ptak*, 37 AD3d 1081, 1082 [2007], *lv denied* 8 NY3d 949 [2007]), and County Court was entitled to accept the victim's testimony and reject the testimony of defendant and his codefendant that there was no robbery and that they were playing a practical joke on the victim. "[U]pon our review of the record, we cannot say that the court failed to give the evidence the weight that it should be accorded" (*People v Britt*, 298 AD2d 984, 984 [2002], *lv denied* 99 NY2d 556 [2002]). Present—Smith, J.P., Carni, Lindley, DeJoseph and Scudder, JJ.