# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**759**

**KA 13-00720**

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

KEITH L. WILLIAMS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered January 14, 2013. The judgment convicted defendant, upon a jury verdict, of attempted robbery in the first degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]) and assault in the second degree (§ 120.05 [2]), defendant contends that Supreme Court erred in permitting the victim to testify on redirect examination that he had made a pretrial photographic identification of defendant because such testimony constituted improper bolstering. We reject that contention. Here, "defense counsel 'open[ed] the door' to such testimony by creating a 'misimpression' about the witness's identification that was cured by testimony concerning the photo identification" (*People v Williams*, 286 AD2d 918, 920, *lv denied* 97 NY2d 763; *see People v Grimes*, 289 AD2d 1072, 1072-1073, *lv denied* 97 NY2d 755).

While we agree with defendant's further contention that the court erred in limiting his cross-examination of the victim (*see generally People v Wallace*, 60 AD3d 1268, 1269, *lv denied* 12 NY3d 922), we nevertheless conclude that the error is harmless beyond a reasonable doubt. The evidence of guilt is otherwise overwhelming, and " 'there is no reasonable possibility that [the] error[] might have contributed to defendant's conviction' " (*Wallace*, 60 AD3d at 1270, quoting *People v Crimmins*, 36 NY2d 230, 237).

We reject defendant's contention that the People failed to disclose certain *Brady* material, i.e., information underlying the

charges resolved by the victim's guilty plea (*see generally People v Vilardi*, 76 NY2d 67, 73; *People v Loftin*, 71 AD3d 1576, 1578).  Absent a connection to the crimes charged, information concerning those underlying acts did not constitute *Brady* material, inasmuch as it was collateral and " 'was not otherwise the kind of material required by the courts to be supplied to defendant for use to impeach a witness' " (*People v Fyffe*, 249 AD2d 938, 939, *lv denied* 92 NY2d 897).  We note in any event that the People provided defendant with the victim's prior criminal history before jury selection, and defendant was aware of the charges that were satisfied by the victim's guilty plea inasmuch as defense counsel had ordered the transcripts of the plea proceedings prior to trial (*see Loftin*, 71 AD3d at 1577).

Defendant contends that the court failed to comply with the procedure for disclosure of jury notes to counsel set forth in *People v O'Rama* (78 NY2d 270).  We reject defendant's contention with respect to one of the two notes at issue.  "[T]he *O'Rama* procedure is not implicated when the jury's request is ministerial in nature and therefore requires only a ministerial response" (*People v Nealon*, 26 NY3d 152, 161), and defendant has not established that the first jury note at issue was a substantive inquiry.  Instead, the note only necessitated the ministerial action of informing the jury that a requested item was not in evidence (*see People v Ziegler*, 78 AD3d 545, 546, *lv denied* 16 NY3d 838; *see also People v Hammond*, 84 AD3d 1726, 1727, *lv denied* 17 NY3d 816).  Defendant failed to preserve for our review his contention with respect to the second jury note at issue.  Where, as here, "counsel has meaningful notice of a substantive jury note that has been read verbatim in open court, the court's failure to discuss the note or its intended response with counsel outside the presence of the jury is not a mode of proceedings error because counsel is not prevented from objecting or from participating meaningfully" (*People v Mack*, 27 NY3d 534, 542), and thus preservation is required.  We decline to exercise our power to review defendant's contention with respect to the second jury note as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court