# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**796**
**KA 14-01731**
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                   MEMORANDUM AND ORDER

SHAQUILLE HUNTER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (JAMES M. MARRA OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 8, 2014. The judgment convicted defendant, upon a nonjury verdict, of robbery in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]). Viewing the evidence in light of the elements of the two counts of robbery in the second degree in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference" (*People v Ghent*, 132 AD3d 1275, 1275, *lv denied* 26 NY3d 1145 [internal quotation marks omitted]; *see People v McCoy*, 100 AD3d 1422, 1422). The victim's testimony was not incredible as a matter of law (*see People v Ptak*, 37 AD3d 1081, 1082, *lv denied* 8 NY3d 949), and County Court was entitled to accept the victim's testimony and reject the testimony of defendant and his codefendant that there was no robbery and that they were playing a practical joke on the victim. "[U]pon our review of the record, we cannot say that the court failed to give the evidence the weight that it should be accorded" (*People v Britt*, 298 AD2d 984, 984, *lv denied* 99 NY2d 556).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court