# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1062**

**KA 16-00335**

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

HAMID MEMON, DEFENDANT-APPELLANT.

---

THOMAS J. EOANNOU, BUFFALO, FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John F. O'Donnell, J.), rendered June 25, 2015. The judgment convicted defendant, upon a nonjury verdict, of criminal obstruction of breathing or blood circulation and unlawful imprisonment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him, after a bench trial, of criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]), and unlawful imprisonment in the second degree (§ 135.05). Initially, we note that defendant was prosecuted in the Integrated Domestic Violence Part of Supreme Court (*see* 22 NYCRR 41.1 [a] [1]; *People v Correa*, 15 NY3d 213, 232-233), and thus the appeal properly lies in this Court (*see* CPL 450.60 [1]; *Correa*, 15 NY3d at 233 n 4).

Defendant contends that the court erred in permitting him to be cross-examined regarding prior uncharged bad acts that were strikingly similar to the acts underlying the charges in this case. We agree. The Criminal Procedure Law provides that, "[u]pon a request by a defendant, the prosecutor shall notify the defendant of all specific instances of a defendant's prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial for purposes of impeaching the credibility of the defendant" (CPL 240.43). Here, however, the prosecutor failed "to advise defendant before trial that he would be questioned on uncharged acts if he testified[,] and no pretrial inquiry or determination was made by the court . . . Because the court's failure to conduct a proper pretrial inquiry may have affected defendant's decision to testify at trial, the error cannot be deemed harmless" (*People v Beasley*, 184 AD2d 1003, 1003, *affd* 80 NY2d 981,

*rearg denied* 81 NY2d 759; *see People v Slide*, 76 AD3d 1106, 1108-1109; *People v Montoya*, 63 AD3d 961, 963).

We also agree with defendant that the court erred in permitting the prosecutor, over objection, to elicit testimony that bolstered the testimony of the complaining witness. "The term 'bolstering' is used to describe the presentation in evidence of a prior consistent statement—that is, a statement that a testifying witness has previously made out of court that is in substance the same as his or her in-court testimony" (*People v Smith*, 22 NY3d 462, 465). Although "[p]rior consistent statements will often be less prejudicial to the opposing party than other forms of hearsay, since by definition the maker of the statement has said the same thing in court that he said out of it" (*id.* at 465-466), the Court of Appeals has warned that "the admission of prior consistent statements may, by simple force of repetition, give to a [factfinder] an exaggerated idea of the probative force of a party's case" (*id.* at 466). Contrary to the People's sole contention, "[i]n light of the importance of the witnesses' credibility in this case . . . , we cannot conclude that the court's error is harmless" (*People v Loftin*, 71 AD3d 1576, 1578; *see People v Thomas*, 68 AD3d 1141, 1142, *lv denied* 14 NY3d 845; *People v Caba*, 66 AD3d 1121, 1124). The evidence is not overwhelming and, "[a]lthough the trial court in a nonjury trial is presumed to have considered only competent evidence in reaching its verdict . . . , here, this presumption was rebutted" by the court's written decision, which establishes that the court considered the inadmissible evidence (*People v Ya-ko Chi*, 72 AD3d 709, 710-711).

Defendant failed to renew his motion for a trial order of dismissal after presenting evidence, and thus he failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference" (*People v Ghent*, 132 AD3d 1275, 1275, *lv denied* 26 NY3d 1145 [internal quotation marks omitted]; *see People v McCoy*, 100 AD3d 1422, 1422). The victim's testimony was not incredible as a matter of law (*see People v Ptak*, 37 AD3d 1081, 1082, *lv denied* 8 NY3d 949), and the court was entitled to credit the testimony of the victim and the other prosecution witnesses and to reject the testimony of defendant and the defense witnesses. "[U]pon our review of the record, we cannot say that the court failed to give the evidence the weight that it should be accorded" (*People v Britt*, 298 AD2d 984, 984, *lv denied* 99 NY2d 556).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court