People v Edwards (2021 NY Slip Op 00752)





People v Edwards


2021 NY Slip Op 00752


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1128 KA 18-01566

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY EDWARDS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered November 10, 2016. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Defendant contends that County Court committed O'Rama violations that constituted mode of proceedings errors when it failed to give defense counsel an opportunity for input before answering a note from the jury and when it delegated to a court deputy the responsibility of answering the jury's question (see People v O'Rama, 78 NY2d 270, 277-278 [1991]). We reject that contention. " '[T]he O'Rama procedure is not implicated when the jury's request is ministerial in nature and therefore requires only a ministerial response' " (People v Nealon, 26 NY3d 152, 161 [2015]; see People v Williams, 142 AD3d 1360, 1362 [4th Dept 2016], lv denied 28 NY3d 1128 [2016]; People v Lewis, 140 AD3d 1593, 1595 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). Here, "the only reasonable interpretation of the [portion of the] note in question" (People v Mitchell, 46 AD3d 480, 480 [1st Dept 2007], lv denied 10 NY3d 842 [2008]) is that the jury's request referred to a transcript that was provided as an aid to the jurors when they listened during the trial to the recorded police interview of defendant, but the transcript was not admitted in evidence. It was not a substantive inquiry by the jury (see Williams, 142 AD3d at 1362; People v Ziegler, 78 AD3d 545, 546 [1st Dept 2010], lv denied 16 NY3d 838 [2011]), and there was no error by the court in delegating to a court deputy the responsibility of notifying the jury that the item they were seeking was not an admitted exhibit and could not be provided to them (see People v Miller, 8 AD3d 176, 177 [1st Dept 2004], mod on other grounds 6 NY3d 295 [2006]).
Contrary to defendant's further contention concerning the validity of two search warrants, he did not make the necessary showing that "a false statement knowingly and intentionally, or with reckless disregard of the truth, was included by the affiant in the [search] warrant affidavit[s], and . . . [that such] statement [was] necessary to the finding of probable cause" (People v Navarro, 158 AD3d 1242, 1243 [4th Dept 2018], lv denied 31 NY3d 1120 [2018] [internal quotation marks omitted]). The court therefore did not err in refusing to hold a Franks/Alfinito hearing (see Franks v Delaware, 438 US 154 [1978]; People v Alfinito, 16 NY2d 181 [1965]) or in refusing to suppress the evidence in question.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we reject defendant's contention that the evidence is legally insufficient (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Additionally, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the [*2]evidence (see generally Bleakley, 69 NY2d at 495).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court