People v Gideon (2022 NY Slip Op 01746)





People v Gideon


2022 NY Slip Op 01746


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Ind. No. 3229/17 Appeal No. 14439 Case No. 2018-4580 

[*1]The People of the State of New York, Respondent,
v
Godsent Gideon, Also Known as Gideon Godsent, Defendant-Respondent.


Robert S. Dean, Center for Appellate Litigation, New York (Hunter Haney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (Erika M. Edwards, J.), rendered May 16, 2018, convicting defendant, after a nonjury trial, of burglary in the second degree as a sexually motivated felony and sexual abuse in the first degree, and sentencing him to an aggregate term of seven years, unanimously reversed, on the law, and the matter remanded for a new trial.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]).
However, the trial court admitted four statements made by the alleged victim following the incident, reasoning that they were admissible both as excited utterances and prompt outcries. This was error. The alleged victim's out-of-court statements did not qualify as excited utterances and should not have been admitted for their substance under that hearsay exception (see People v Johnson, 1 NY3d 302, 305-306 [2003]). Although two of the four statements were correctly admitted under the alternative theory that they constituted prompt outcries, under this exception, "only the fact of a complaint, not its accompanying details" is admissible (People v McDaniel, 81 NY2d 10, 17 [1993]). It is clear from the record that the trial court considered all four hearsay statements for their substance, and thus, there can be no presumption that the court, as the finder of fact, considered only competent evidence (see People v Pabon, 28 NY3d 147, 158 [2016]; People v Memon, 145 AD3d 1492, 1493 [4th Dept 2016]). Given the People's strong reliance on the hearsay statements to prove its case, and the court's indication that it intended to review the written statement that was in evidence during deliberation, we cannot say that "the proof of the defendant's guilt, without reference to the error, is overwhelming" and that the error was therefore harmless (People v Crimmins, 36 NY2d 230, 241 [1975]).
In view of the fact that we are ordering a new trial, we find it unnecessary to address the other issues raised by defendant.
The Decision and Order of this Court entered
herein on October 21, 2021 is hereby recalled and
vacated (See M-2021-03854 decided simultaneously
herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022