People v Herman (2023 NY Slip Op 03569)

People v Herman

2023 NY Slip Op 03569

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

101 KA 21-01236

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JONATHON HERMAN, DEFENDANT-APPELLANT. 

RYAN J. MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, PENN YAN, FOR RESPONDENT. 

 Appeal from a judgment of the Yates County Court (Jason L. Cook, J.), rendered May 25, 2021. The judgment convicted defendant upon a nonjury verdict of sexual abuse in the first degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences of incarceration imposed on counts 2 and 3 of the indictment shall run concurrently with each other and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a bench trial of three counts of sexual abuse in the first degree (Penal Law § 130.65 [4]).
Defendant failed to renew his motion for a trial order of dismissal after presenting evidence, and thus he failed to preserve for our review his challenge to the legal sufficiency of the evidence (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). Viewing the evidence in light of the elements of the crime of sexual abuse in the first degree in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference" (People v Ghent, 132 AD3d 1275, 1275 [4th Dept 2015], lv denied 26 NY3d 1145 [2016] [internal quotation marks omitted]; see People v McCoy, 100 AD3d 1422, 1422 [4th Dept 2012]). The victim's testimony was not incredible as a matter of law (see People v Ptak, 37 AD3d 1081, 1082 [4th Dept 2007], lv denied 8 NY3d 949 [2007]), and County Court was entitled to credit the testimony of the victim and to reject the testimony of the defense witnesses. Upon our review of the record, we "cannot say that the court failed to give the evidence the weight that it should be accorded" (People v Britt, 298 AD2d 984, 984 [4th Dept 2002], lv denied 99 NY2d 556 [2002]).
We reject defendant's contention that he received ineffective assistance of counsel based upon defense counsel's failure to request a Huntley hearing with respect to the admissibility of statements that defendant made to the police. A motion seeking to suppress the statements in question would have had little or no chance of success (see People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Further, defendant failed to demonstrate the absence of a strategic or other legitimate explanation for defense counsel's failure to seek suppression of those statements, particularly given that the statements were consistent with defendant's claim that any contact between him and the victim was accidental or nonsexual in nature (see generally People v Jurjens, 291 AD2d 839, 840 [4th Dept 2002], lv denied 98 NY2d 652 [2002]).
Defendant failed to preserve for our review his contention that venue in Yates County was not proper with respect to the third count of the indictment (see People v Cornell, 17 AD3d [*2]1010, 1011 [4th Dept 2005], lv denied 5 NY3d 805 [2005]; see also People v Sandoz, 248 AD2d 334, 334 [1st Dept 1998]; see generally People v Moore, 46 NY2d 1, 6-7 [1978]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant further contends that the court erred in ruling, as part of a Sandoval compromise, that the People would be allowed, if defendant chose to testify, to cross-examine him about the existence of a prior felony conviction for grand larceny in the fourth degree (Penal Law § 155.30 [1]). Initially, we conclude that his contention is preserved for our review. Here, defendant "expressly requested, without success on the ground now advanced on appeal, a ruling that the People not be permitted to cross-examine him regarding the prior conviction, and he 'is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule . . . accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered' " (People v Fuller, 174 AD3d 1335, 1336 [4th Dept 2019], lv denied 34 NY3d 951 [2019], quoting CPL 470.05 [2]; see generally People v Jackson, 29 NY3d 18, 23-24 [2017]). Defendant's contention, however, lacks merit. The prior conviction "involved acts of dishonesty and thus w[as] probative with respect to the issue of defendant's credibility" (People v Thomas, 165 AD3d 1636, 1637 [4th Dept 2018], lv denied 32 NY3d 1129 [2018], cert denied — US &mdash, 140 S Ct 257 [2019] [internal quotation marks omitted]), and defendant failed to meet his burden "of demonstrating that the prejudicial effect of the admission of evidence [of that conviction] for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion" (People v Sandoval, 34 NY2d 371, 378 [1974]; see People v Molina, 208 AD3d 1641, 1642 [4th Dept 2022], lv denied 39 NY3d 964 [2022]). Defendant did not preserve for our review his related contention that the court failed to adequately set forth its reasoning with respect to its balancing of the appropriate Sandoval factors (see CPL 470.05 [2]; People v Murad, 55 AD3d 754, 755 [2d Dept 2008], lv denied 12 NY3d 761 [2009]). In any event, "[o]ur law does not require 'the application of any particular balancing process' in Sandoval determinations," and "an exercise of a trial court's Sandoval discretion should not be disturbed merely because the court did not provide a detailed recitation of its underlying reasoning . . . , particularly where, as here, the basis of the court's decision may be inferred from the parties' arguments" (People v Walker, 83 NY2d 455, 459 [1994]; see Molina, 208 AD3d at 1642; Murad, 55 AD3d at 755).
To the extent that defendant contends that he was penalized for exercising his right to a trial, that contention is not preserved for our review (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Hendricks, 214 AD3d 1466, 1467 [4th Dept 2023]). We agree with defendant, however, that the sentence is unduly harsh and severe under the circumstances of this case. This Court "has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range" (People v Delgado, 80 NY2d 780, 783 [1992]; see CPL 470.15 [6] [b]). Our "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (Delgado, 80 NY2d at 783). As a result, we may "substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence" (People v Suitte, 90 AD2d 80, 86 [2d Dept 1982]; see People v Patel, 64 AD3d 1246, 1247 [4th Dept 2009]). We conclude that a reduction of the aggregate sentence of incarceration is appropriate under the circumstances here, and we therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentences of incarceration imposed on counts 2 and 3 of the indictment shall run concurrently with each other, with those sentences of incarceration continuing to run consecutively to the sentence of incarceration imposed on count 1 of the indictment, to be followed by the nine years of postrelease supervision imposed by the court (see CPL 470.20 [6]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court