People v Brown (2026 NY Slip Op 01895)

People v Brown

2026 NY Slip Op 01895

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, OGDEN, AND DELCONTE,
JJ.

181 KA 23-00649

[*1]THE PEOPLE OF THE STATE OF NEW YORK,
RESPONDENT,
vJAFARY BROWN, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SABRINA A. BREMER
OF COUNSEL), FOR DEFENDANT-APPELLANT.
PERRY DUCKLES, ACTING DISTRICT ATTORNEY, ROCHESTER (LISA
GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Julie M. Hahn, J.), rendered
January 27, 2023. The judgment convicted defendant, upon a jury verdict, of
unauthorized use of a vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously
affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury
verdict, of unauthorized use of a vehicle in the third degree (Penal Law § 165.05
[1]). We affirm.
Defendant contends that County Court committed reversible error in its
Sandoval ruling by allowing the People, if defendant chose to testify, to
cross-examine him fully regarding a prior felony conviction of criminal mischief in the
third degree, including with respect to the underlying facts of that conviction. Initially,
contrary to the People's assertion, we conclude that defendant's contention is preserved
for our review, even in the absence of an objection after the court's "ultimate"
Sandoval ruling. Defendant "expressly requested, without success on the ground
now advanced on appeal, a ruling that the People not be permitted to cross-examine him
regarding the prior conviction, and he 'is deemed to have thereby protested the court's
ultimate disposition of the matter or failure to rule . . . accordingly sufficiently to raise a
question of law with respect to such disposition or failure regardless of whether any
actual protest thereto was registered' " (People v Fuller, 174 AD3d 1335, 1336 [4th Dept 2019],
lv denied 34 NY3d 951 [2019], quoting CPL 470.05 [2]; see People v Herman, 217
AD3d 1469, 1471 [4th Dept 2023], lv denied 40 NY3d 997 [2023]; see generally People v Jackson,
29 NY3d 18, 23-24 [2017]). Defendant's contention, however, lacks merit. The prior
conviction "showed the willingness of defendant to place his own interests above those of
society" (People v Salsbery,
78 AD3d 1624, 1626 [4th Dept 2010], lv denied 16 NY3d 836 [2011]), and
defendant failed to meet his burden "of demonstrating that the prejudicial effect of the
admission of evidence [of that conviction] for impeachment purposes would so far
outweigh the probative worth of such evidence on the issue of credibility as to warrant its
exclusion" (People v Sandoval, 34 NY2d 371, 378 [1974]; see Herman,
217 AD3d at 1471). Contrary to defendant's assertion, "[c]ross-examination of a
defendant concerning a prior crime is not prohibited solely because of the similarity
between that crime and the crime charged" (People v Vanwuyckhuyse, 224 AD3d 1315, 1316 [4th Dept
2024], lv denied 41 NY3d 967 [2024] [internal quotation marks omitted]; see
People v Hayes, 97 NY2d 203, 208 [2002]).
Defendant did not preserve for our review his related contention that the court failed
to adequately set forth its reasoning with respect to its balancing of the appropriate
Sandoval factors (see CPL 470.05 [2]; Herman, 217 AD3d at
1471). In any event, "[o]ur law does not require 'the application of any particular
balancing process' in Sandoval determinations," and "an exercise of a trial court's
Sandoval discretion should not be disturbed merely because the court did not
provide a detailed recitation of its underlying reasoning . . . , particularly where, as here,
the basis [*2]of the court's decision may be inferred from
the parties' arguments" (People v Walker, 83 NY2d 455, 459 [1994]; see
Herman, 217 AD3d at 1471).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court