■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH A. BENNETT, Appellant. [859 NYS2d 826]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered September 12, 2006. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the second degree and burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the total amount of restitution to $108,760.64 and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of grand larceny in the second degree (Penal Law § 155.40 [1]) and burglary in the third degree (§ 140.20). We agree with defendant that the amount of restitution imposed should be reduced to take into account the $7,142.49 in stolen funds recovered from defendant's apartment. Those funds are to be returned to the victim, and the victim otherwise would be compensated beyond the extent of its actual loss (see generally *People v Turco*, 130 AD2d 785, 786-787 [1987], *lv denied* 70 NY2d 755 [1987]). We therefore modify the judgment by reducing the total amount of restitution to $108,760.64, which includes a total surcharge of 10%. Contrary to defendant's further contention, County Court properly directed defendant to pay a surcharge of 10% rather than 5%,

based upon an affidavit of an official from the Ontario County Probation Department indicating that "the actual cost of the collection and administration of restitution . . . exceeds [the initial 5% surcharge]" (Penal Law § 60.27 [8]; *see People v Aikens*, 11 AD3d 932 [2004]). We note, however, that "defendant may apply to the court to reduce the surcharge to 5% of the amount of restitution on the ground of undue hardship" (*Aikens*, 11 AD3d 932 [2004]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.