THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACI L. BOYZUCK, Appellant. [900 NYS2d 530]—

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered February 3, 2009. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the second degree and criminal possession of a forged instrument in the second degree (six counts).

It is hereby ordered that the judgment so appealed from is modified as a matter of discretion in the interest of justice by directing that the sentences imposed for criminal possession of a forged instrument in the second degree under counts 12, 14, 18, 19, 21 and 41 of the indictment shall run concurrently with respect to each other and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of one count of grand larceny in the second degree (Penal Law § 155.40 [1]) and six counts of criminal possession of a forged instrument in the second degree (§ 170.25). We reject defendant's contention that the imposition of consecutive sentences for the counts of criminal possession of a forged instrument was illegal. Defendant committed six distinct acts that formed the basis for those counts, and thus County Court was authorized to impose consecutive sentences (see People v Day, 73 NY2d 208, 211-212 [1989]).

Nevertheless, we agree with defendant that the imposition of consecutive sentences for the counts of criminal possession of a forged instrument renders the sentence unduly harsh and severe. Here, the valid waiver by defendant of the right to appeal does not preclude her from challenging the severity of the sentence inasmuch as the court's statements concerning the maximum sentence that could be imposed were inconsistent, confusing and misleading (see generally People v McNulty, 70 AD3d 1127, 1128 [2010]; People v Gordon, 53 AD3d 793 [2008]). During the plea proceeding, the court advised defendant that she would be sentenced to a term of incarceration of 6 to 18 years. The court, however, also told defendant three times during the plea proceeding that she could receive "up to 15 years in prison" for the crimes to which she was pleading guilty. Indeed,

the court advised her that, if she did not cooperate with the Probation Department, the sentence promise would be withdrawn and she could "be sentenced to as much as a maximum permitted by law: that is, 15 years in prison." That statement not only reinforced the misstatement concerning the possible maximum term of incarceration, but it also suggested that an enhanced term of 15 years would be imposed as a sanction for defendant's failure to cooperate with the Probation Department. We therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentences imposed for criminal possession of a forged instrument in the second degree under counts 12, 14, 18, 19, 21 and 41 of the indictment shall run concurrently with respect to each other (*see* CPL 470.15 [6] [b]).

Although the further contention of defendant that she was denied effective assistance of counsel survives her guilty plea and valid waiver of the right to appeal to the extent that she contends that the plea was infected by the alleged ineffective assistance (*see People v Kapp*, 59 AD3d 974 [2009], *lv denied* 12 NY3d 818 [2009]), we nevertheless conclude that her contention lacks merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Finally, the court properly directed defendant to pay a 10% surcharge on the restitution ordered based upon the affidavit of a Probation Department official indicating that "the actual cost of the collection and administration of restitution . . . exceeds [the initial 5% surcharge]" (Penal Law § 60.27 [8]; *see People v Bennett*, 52 AD3d 1236, 1236-1237 [2008], *lv denied* 11 NY3d 785 [2008]).

All concur except Fahey and Pine, JJ., who dissent in part and vote to affirm in the following memorandum.

Fahey and Pine, JJ. (dissenting in part). We respectfully dissent in part and would affirm inasmuch as, unlike the majority, we conclude that defendant's valid waiver of the right to appeal precludes this Court from exercising its power to review the severity of the sentence as a matter of discretion in the interest of justice (*see generally People v Lopez*, 6 NY3d 248, 255 [2006]). When defendant appeared before County Court to enter her plea, defense counsel summarized the terms of the plea agreement, which included a plea of guilty to one count of grand larceny in the second degree and six counts of criminal possession of a forged instrument in the second degree. Defense counsel stated that the recommended sentence would be a term of incarceration of 2 to 6 years on the charge of grand larceny "with the other counts running consecutive but concurrent to the grand larceny charges." Defendant responded in the affir-

mative when the court asked defendant if she knew "that [she] could receive up to 15 years in prison for the crimes charged against [her] in th[e] indictment." At that point, the court reviewed the terms of the plea agreement, specifically noting that the promised sentence would consist of, inter alia, "a maximum of three years and a minimum of one year on the six counts [of criminal possession of a forged instrument] to be consecutive and . . . a maximum [of] six years and a minimum [of] two years on the grand larceny second count." Thereafter, the court asked defendant whether she understood that she was required to waive her right to appeal as a condition of the plea, and she executed a written waiver of the right to appeal setting forth that her total term of incarceration would be 6 to 18 years. Defendant then entered her plea, and she was sentenced in accordance with the plea agreement.

The record of the plea colloquy thus establishes that, despite the court's erroneous statement that defendant could receive up to 15 years for the crimes to which she was pleading guilty, she thereafter was twice informed, before she entered her plea, of the specific sentence that she would receive pursuant to the plea agreement.

It is well established that a valid waiver of the right to appeal encompasses a challenge to the severity of the sentence where the defendant is informed of the specific sentence promised before waiving the right to appeal (*see id.* at 255; *People v Mingo*, 38 AD3d 1270 [2007]; *People v Semple*, 23 AD3d 1058 [2005], *lv denied* 6 NY3d 852 [2006]; *see also People v Gordon*, 43 AD3d 1330 [2007], *lv denied* 9 NY3d 1006 [2007]). Because defendant was informed of the specific sentence promised before she waived the right to appeal, we conclude that her valid waiver of the right to appeal encompasses her challenge to the severity of the sentence (*see Lopez*, 6 NY3d at 255). Indeed, under these circumstances, "[a] defendant may not subsequently eviscerate [a plea] bargain by asking an appellate court to reduce the sentence in the interest of justice" (*id.* at 255-256). "The important goals of fairness and finality in criminal matters are accomplished only insofar as the parties are confident that the carefully orchestrated bargain of an agreed-upon sentence will not be disturbed as a discretionary matter" (*id.* at 256 [internal quotation marks omitted]). Present—Centra, J.P., Fahey, Carni, Green and Pine, JJ.