# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

671

**KA 12-01585**

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

BRIAN K. HUTCHINGS, DEFENDANT-APPELLANT.

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered July 31, 2012. The judgment convicted defendant, after a nonjury trial, of scheme to defraud in the first degree (two counts), grand larceny in the third degree, grand larceny in the fourth degree (three counts), and petit larceny (five counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the total amount of restitution to $59,153.68, and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him after a nonjury trial of, inter alia, grand larceny in the third degree (Penal Law § 155.35), defendant contends that the verdict is contrary to the weight of the evidence. We reject that contention. Defendant is a former police officer who was the treasurer of the Auburn Police Department's Police Benevolent Association (PBA), and this prosecution arises from his theft over a period of years of some of the PBA funds that he controlled. Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), and upon "weigh[ing the] conflicting testimony, review[ing the] rational inferences that may be drawn from the evidence and evaluat[ing] the strength of such conclusions" (*id*. at 348), we conclude that the evidence amply supports County Court's determination that defendant committed the crimes of which he was convicted. " 'In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference' " (*People v McCoy*, 100 AD3d 1422, 1422; *see People v White*, 149 AD2d 915, 915-916, *lv denied* 74 NY2d 854). The court was entitled to reject defendant's version of the events "and, upon our review of the record, we cannot say that the court failed to give the evidence the weight that it should be accorded" (*People v Britt*, 298 AD2d 984, 984, *lv denied* 99 NY2d 556; *see McCoy*, 100 AD3d at 1422).

Defendant next contends that he was deprived of a fair trial by the admission of certain evidence at trial, including summaries of documents that were admitted and one of the rules of the Auburn Police Department.  "By stipulating to the admissibility of [some of the summaries of other evidence], defendant waived his present contention that [such summaries] should not have been admitted in[ ] evidence" (*People v Santos-Sosa*, 233 AD2d 833, 833, *lv denied* 89 NY2d 988), and he failed to preserve for our review his contention with respect to the remaining summaries and the police department rule (*see People v Hogue*, 133 AD3d 1209, 1210-1211).  In any event, with respect to both the summaries that were admitted upon consent and the remaining summaries, the court did not err in allowing the prosecution to introduce summaries of other documents that had been introduced into evidence and previously provided to the defense, pursuant to the " 'voluminous writings exception' " to the best evidence rule (*Ed Guth Realty v Gingold*, 34 NY2d 440, 452; *see People v Ash*, 71 AD3d 688, 689, *lv denied* 14 NY3d 885; *People v Weinberg*, 183 AD2d 932, 934, *lv denied* 80 NY2d 977).  We further conclude that any error in the admission of the evidence challenged by defendant on appeal is harmless.  The evidence of guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the admission of the evidence in question (*see generally People v Crimmins*, 36 NY2d 230, 241-242).  Furthermore, "in a nonjury trial, the court is presumed to be capable of disregarding any improper or unduly prejudicial aspect of the evidence" (*People v Wise*, 46 AD3d 1397, 1399, *lv denied* 10 NY3d 872; *see People v LoMaglio*, 124 AD3d 1414, 1416, *lv denied* 25 NY3d 1203).

Contrary to defendant's further contention, he was not denied effective assistance of counsel.  In order "[t]o prevail on a claim of ineffective assistance, defendants must demonstrate that they were deprived of a fair trial by less than meaningful representation; a simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice" (*People v Flores*, 84 NY2d 184, 187).  Defendant's allegations of ineffective assistance of counsel based on defense counsel's failure to object to the admission of the summaries discussed above are without merit.  Any objection to the admission of that evidence, as discussed above, would have been fruitless because it was properly admitted, and it is well settled that defense counsel's "failure to make a motion or [an objection] that has little or no chance of success" does not constitute ineffective assistance of counsel (*People v Dashnaw*, 37 AD3d 860, 863, *lv denied* 8 NY3d 945 [internal quotation marks omitted]; *see People v Wragg*, 115 AD3d 1281, 1282, *affd* 26 NY3d 403).  With respect to the remaining instances of allegedly ineffective assistance of counsel claimed by defendant, in order to prevail on such claims, "it is incumbent on defendant 'to demonstrate the absence of strategic or other legitimate explanations' for defense counsel's allegedly deficient conduct" (*People v Atkins*, 107 AD3d 1465, 1465, *lv denied* 21 NY3d 1040, quoting *People v Rivera*, 71 NY2d 705, 709), and defendant failed to meet that burden with respect to the claims raised here.  We conclude with respect to all of defendant's claims concerning the alleged ineffective assistance of

counsel that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant further contends that the sentence is excessive with respect to the amount of restitution and the term of incarceration. Addressing first defendant's challenge to the amount of restitution, we conclude that there is sufficient evidence in the record to support a finding that the amount set by the court represents "the fruits of the offense and the actual out-of-pocket loss to the victim caused by the offense" (Penal Law § 60.27 [2]; *see generally People v Hodge*, 176 AD2d 1234, 1234, *lv denied* 78 NY2d 1127), with the exception of the amount of compensation for lost interest. The evidence in the record does not support the amount of compensation for lost interest, i.e., $10,000.00, but there is sufficient support in the record for an award of $7,281.42 in lost interest. Consequently, we reduce the restitution by the difference between those amounts, which yields a total restitution amount of $56,336.87. Upon adding the 5% surcharge to that amount, we modify the judgment by reducing the overall order of restitution to $59,153.68 (*see generally People v Bennett*, 52 AD3d 1236, 1236, *lv denied* 11 NY3d 785).

Contrary to the People's contention with respect to defendant's challenge to the term of incarceration, this Court's "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (*People v Delgado*, 80 NY2d 780, 783). "As a result, we may 'substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence' " (*People v Johnson*, 136 AD3d 1417, 1418, *lv denied* 27 NY3d 1134). Nevertheless, we conclude that the term of incarceration is not unduly harsh or severe.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court