People v Murray (2018 NY Slip Op 00943)





People v Murray


2018 NY Slip Op 00943


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, TROUTMAN, AND WINSLOW, JJ.


1477 KA 16-01371

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES MURRAY, DEFENDANT-APPELLANT. 






FRANK POLICELLI, UTICA, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered August 2, 2016. The judgment convicted defendant, upon a jury verdict, of grand larceny in the second degree and criminal possession of a forged instrument in the second degree (13 counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed for grand larceny in the second degree to an indeterminate term of incarceration of 3 to 9 years and by directing that the terms of imprisonment imposed on counts 8, 16 and 17 shall run concurrently with each other and as modified the judgment is affirmed.
Memorandum: Defendant was convicted upon a jury verdict of grand larceny in the second degree (Penal Law § 155.40 [1]) and 13 counts of criminal possession of a forged instrument in the second degree
(§ 170.25), arising from him having stolen money from his mother-in-law while he was managing her finances.
We reject defendant's contention that the imposition of consecutive sentences for 3 of the 13 counts of criminal possession of a forged instrument violated Penal Law § 70.25 (2). Defendant committed 13 distinct acts that formed the basis for those counts, and thus County Court was authorized to impose consecutive sentences for counts 8, 16, and 17 of the indictment (see People v Day, 73 NY2d 208, 210-211 [1989]; People v Boyzuck, 72 AD3d 1530, 1530 [4th Dept 2010]).
We also reject defendant's contention that the sentence was imposed as punishment for rejecting previous plea offers, inasmuch as there is no evidence in the record that defendant was given a lengthier sentence solely as punishment for exercising his right to a trial (see People v Pope, 141 AD3d 1111, 1112 [4th Dept 2016], lv denied 29 NY3d 951 [2017]; People v Aikey, 94 AD3d 1485, 1486 [4th Dept 2012], lv denied 19 NY3d 956 [2012]).
However, we agree with defendant that the sentence imposed, with an aggregate minimum of six years and an aggregate maximum of 18 years, is unduly harsh and severe. This Court's " sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court' " (People v Meacham, 151 AD3d 1666, 1670 [4th Dept 2017], lv denied 30 NY3d 981 [2017], quoting People v Delgado, 80 NY2d 780, 783 [1992]). We conclude that a reduction in the sentence is appropriate and, as a matter of discretion in the interest of justice, we modify the judgment by reducing the sentence imposed for the count of grand larceny in the second degree to an indeterminate term of incarceration of 3 to 9 years (see Penal Law
§ 70.00 [3] [b]), and by directing that the terms of imprisonment imposed on counts 8, 16 and 17 shall run concurrently with each other (see generally CPL 470.20 [6]; People v Johnson, 136 [*2]AD3d 1417, 1418 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court