People v Alston (2019 NY Slip Op 05842)





People v Alston


2019 NY Slip Op 05842


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


5 KA 16-01991

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAYMOND ALSTON, ALSO KNOWN AS RAYMOND AUSTIN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.
RAYMOND ALSTON, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (David W. Foley, A.J.), rendered October 25, 2016. The judgment convicted defendant, after a nonjury trial, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of burglary in the second degree (Penal Law § 140.25 [2]). We reject defendant's contentions in his main brief that the evidence is legally insufficient to establish his identity as one of the perpetrators of the crime and that the verdict is against the weight of the evidence with respect to the issue of identity (see People v Garrison, 39 AD3d 1138, 1140 [4th Dept 2007], lv denied 9 NY3d 844 [2007]). The trial evidence established that the victim awoke shortly after 2:00 a.m. to the sound of a loud crash in her apartment. She then discovered two men in her kitchen and one was pointing a gun at her. Although she could not see their faces, the victim observed that the taller of the two men, i.e., the man with the gun, was approximately six feet tall. He directed her to cover her face with a blanket and warned her not to look at them. The taller man restrained the victim while the shorter man searched her apartment.
Moments before the victim's home was invaded, one of the victim's neighbors had observed three men walking toward the end of the street where the victim lived. A short time later, just after 2:00 a.m., the neighbor observed the same three men coming from the direction of the victim's home. The neighbor noticed that two of the men were carrying guns and called 911 to report the suspicious activity. The neighbor described for the dispatcher the suspects, their clothing, and the guns. The information provided by the neighbor to the dispatcher included that the tallest of the three men was approximately six feet tall, was carrying a silver gun, and got into the driver's seat of a dark-colored Jeep Cherokee and that the two other men, who were about five feet five inches tall, entered the passenger side. The neighbor also told the dispatcher where the Jeep was located and its direction of travel, and the dispatcher relayed that information to the police at about 2:05 a.m.
Less than 10 seconds after the dispatch, a police officer observed a dark-colored Jeep Cherokee in proximity to the area where the neighbor had last observed the suspect vehicle. The police attempted to corner the Jeep, but the driver managed to maneuver away from police. An officer who was in the passenger seat of one of the patrol vehicles pursuing the Jeep (officer) came within inches of the driver's side of the Jeep and observed the driver without obstruction. A high-speed chase ensued, and the Jeep thereafter crashed into a parked vehicle. Two of the occupants fled from the Jeep, and the police pursued them on foot. Defendant was apprehended [*2]a short time later and positively identified by the officer as being the same person who he had observed driving the Jeep. Police located a BB gun and a 9 millimeter handgun along the chase route. During booking, defendant was determined to be six feet tall.
Viewing that evidence in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]), we conclude that
" there is a[ ] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion' " that defendant was one of the two perpetrators who unlawfully entered the victim's dwelling with the intent to commit a crime therein (People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006], quoting People v Bleakley, 69 NY2d 490, 495 [1987]; see Penal Law § 140.25 [2]). Furthermore, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Hutchings, 142 AD3d 1292, 1293 [4th Dept 2016], lv denied 28 NY3d 1124 [2016]), we conclude that the verdict is not against the weight of the evidence with respect to the element of identity (see generally Bleakley, 69 NY2d at 495).
Defendant further contends in his main brief that County Court improperly considered burglary in the second degree (Penal Law
§ 140.25 [2]) as a lesser included offense of burglary in the first degree (§ 140.30 [1], [4]). Pursuant to CPL 300.50 (1), "[a]ny error respecting such [consideration by the court] . . . is waived by the defendant unless he [or she] objects thereto" in a timely manner, and defendant failed to make any such objection here (see People v Harris, 97 AD3d 1111, 1111 [4th Dept 2012], lv denied 19 NY3d 1026 [2012]).
Defendant's sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions in the main brief and the contentions in his pro se supplemental brief and conclude that none warrants modification or reversal of the judgment.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court