People v Martin (2019 NY Slip Op 06898)





People v Martin


2019 NY Slip Op 06898


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


792 KA 19-00517

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GEOFFREY MARTIN, DEFENDANT-APPELLANT. 






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wayne County Court (Daniel G. Barrett, J.), rendered September 6, 2018. The judgment convicted defendant, after a nonjury trial, of forcible touching (two counts), sexual abuse in the third degree (two counts), and endangering the welfare of a child (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of two counts each of forcible touching (Penal Law § 130.52 [1]), sexual abuse in the third degree (§ 130.55), and endangering the welfare of a child (§ 260.10 [1]). "Viewing the evidence in light of the elements of the crimes in this nonjury trial" (People v Hutchings, 142 AD3d 1292, 1293 [4th Dept 2016], lv denied 28 NY3d 1124 [2016]; see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). County Court "reasonably found defendant's exculpatory testimony incredible and rejected it . . . and, notwithstanding minor inconsistencies in the [victim's] testimony . . . , there is no basis for disturbing the [court's] determinations concerning credibility' " (People v Sommerville, 159 AD3d 1515, 1516 [4th Dept 2018], lv denied 31 NY3d 1121 [2018]).
Defendant's contention that the trial testimony rendered the indictment duplicitous is unpreserved for appellate review (see People v Allen, 24 NY3d 441, 449-450 [2014]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see e.g. People v Garner, 145 AD3d 1573, 1574 [4th Dept 2016], lv denied 29 NY3d 1031 [2017]). Contrary to defendant's contention, defense counsel was not ineffective in failing to seek the dismissal of the endangering the welfare of a child counts on statute of limitations grounds (see People v Ambers, 26 NY3d 313, 318-320 [2015]; People v Evans, 16 NY3d 571, 575-576 [2011], cert denied 565 US 912 [2011]; People v St. Pierre, 141 AD3d 958, 961-962 [3d Dept 2016], lv denied 28 NY3d 1031 [2016]). Even if, as defendant asserts, the court's admission of testimony about a missing photograph violated the best evidence rule, any such error is harmless (see People v Haggerty, 23 NY3d 871, 876 [2014]; Hutchings, 142 AD3d at 1294).
Defendant's challenges to the conditions of his probation are unpreserved for appellate review, and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see generally People v Graves, 163 AD3d 16, 24-25 [4th Dept 2018]; People v King, 151 AD3d 1651, 1654 [4th Dept 2017], lv denied 30 NY3d 951 [2017]; cf. generally People v Letterlough, 86 NY2d 259, 261-269 [1995]; People v Saraceni, 153 AD3d 1559, 1560 [4th Dept 2017], lv denied 30 NY3d 913 [2018]). Finally, the incarceration component of the split sentence is not illegal (see Penal Law § 60.01 [2] [d]; see generally People v Zephrin, 14 NY3d 296, 300-301 [2010]).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court