People v Kouao (2019 NY Slip Op 08079)





People v Kouao


2019 NY Slip Op 08079


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1057 KA 18-00983

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANCK A. KOUAO, DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Sam L. Valleriani, J.), rendered March 22, 2018. The judgment convicted defendant, after a nonjury trial, of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, after a nonjury trial, of sexual abuse in the first degree (Penal Law § 130.65 [1]), defendant contends that the evidence is not legally sufficient to support the conviction and that the verdict is against the weight of the evidence with respect to the sexual contact element of that crime. Viewing the evidence in the light most favorable to the People, as we must on a sufficiency challenge (see People v Delamota, 18 NY3d 107, 113 [2011]), we conclude that the evidence is legally sufficient (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim testified that she felt defendant's penis pressing against her through her clothing as he lay on top of her, which is sufficient to establish that element of the crime (see generally People v Clark, 181 AD2d 1028, 1029 [4th Dept 1992], lv denied 80 NY2d 895 [1992]; People v Boykin, 127 AD2d 1004, 1004 [4th Dept 1987], lv denied 69 NY2d 1001 [1987]). Furthermore, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to the element of sexual contact (see generally Bleakley, 69 NY2d at 495). " In a bench trial, no less than a jury trial, the resolution of credibility issues by the trier of fact and its determination of the weight to be accorded the evidence presented are entitled to great deference' " (People v McCoy, 100 AD3d 1422, 1422 [4th Dept 2012]; see People v Hutchings, 142 AD3d 1292, 1293 [4th Dept 2016], lv denied 28 NY3d 1124 [2016]).
The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and we conclude that it does not require reversal or modification of the judgment.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court