People v Wiggins (2021 NY Slip Op 04310)





People v Wiggins


2021 NY Slip Op 04310


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


642 KA 19-00537

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY J. WIGGINS, DEFENDANT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered February 20, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that the postrelease supervision portion of his agreed-upon sentence is unduly harsh and severe and that the waiver of the right to appeal does not foreclose his challenge to the severity of that part of the sentence. Inasmuch as County Court incorrectly informed defendant about the maximum possible sentence by mistakenly stating that he could be sentenced as a persistent felony offender (see People v Boykins, 161 AD3d 183, 186-187 [4th Dept 2018], lv denied 31 NY3d 1145 [2018]), we agree with defendant that the waiver of the right to appeal, even if it was valid, would not preclude his challenge to the severity of the sentence (see People v Boyzuck, 72 AD3d 1530, 1530 [4th Dept 2010]; see also People v Hicks, 173 AD3d 1768, 1769 [4th Dept 2019]). We nevertheless perceive no basis in the record for the exercise of our authority to reduce the three-year period of postrelease supervision as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court