People v Carter (2021 NY Slip Op 07425)





People v Carter


2021 NY Slip Op 07425


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


1035 KA 20-00249

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TRAVIS CARTER, DEFENDANT-APPELLANT. 






CHRISTINE M. COOK, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (James H. Cecile, A.J.), rendered January 7, 2020. The judgment convicted defendant upon a plea of guilty of grand larceny in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of grand larceny in the third degree (Penal Law
§ 155.35 [1]), defendant contends that the sentence imposed is unduly harsh and severe and that the waiver of the right to appeal does not foreclose his challenge to the severity of the sentence. We agree with defendant that he did not validly waive his right to appeal "because County Court's oral colloquy utterly mischaracterized the nature of the right to appeal . . . , inasmuch as the court's advisement as to the rights relinquished [and retained by defendant] was incorrect and irredeemable under the circumstances" (People v Crogan, 181 AD3d 1212, 1212 [4th Dept 2020], lv denied 35 NY3d 1026 [2020] [internal quotation marks omitted]; see People v Thomas, 34 NY3d 545, 562, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Wiggins, 196 AD3d 1067, 1067-1068 [4th Dept 2021]). We nevertheless perceive no basis in the record for the exercise of our authority to reduce the sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court